FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE. NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**

JUN 0 6 2006

**FOR THE DISTRICT OF NEW MEXICO**

MATTHEW J. DYKMAN

IN RE: THE MATTER OF
GANY MIKE BELLO, ESQ.

CLERK

MISCELLANEOUS NO: 2006-06

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on: (i) the Court's Notice of Order to Show Cause and Order to Appear, Misc. No. 2006-06, filed April 13, 2006; and (ii) Respondent's Motion for Preliminary and Permanent Injunctive Relief With Affidavit (dated May 19, 2006). The Court convened for a hearing on the Show Cause order on May 22, 2006, but Respondent Gany Mike Bello did not appear. The primary issue is whether the Court should stay the show cause proceeding, and stay any disciplinary ruling until after the appellate process ends. The Court will deny the motion for preliminary and permanent injunctive relief, and will not stay the show cause proceeding. The Court will, however, issue only a temporary disciplinary ruling and will not issue a permanent ruling until after the appellate process has run.

## FACTUAL BACKGROUND

1.   **<u>Wheeler v. American Heritage Bank & Sellers</u>.**

On August 17, 2004, The Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, issued a Memorandum Opinion and Order directing compliance with discovery obligations and imposing sanctions in <u>Wheeler v. American Heritage Bank & Sellers</u>, CIV 04-271 WPJ/LFG. <u>See</u> Memorandum Opinion and Order Directing Compliance with Discovery Obligations and Imposing Sanctions, filed August 17, 2004 (Doc. 34). Chief Magistrate Judge Garcia determined that Mr. Bello's conduct was sanctionable, imposed the sanction of attorney fees that the Defendants

incurred in their effort to secure compliance with disclosure requirements, and directed that Wheeler fully comply with D.N.M.LR-Civ. 26.3(d) within ten days, as well as make all other disclosures under rule 26 within the same ten-day period. See id. at 4-8. Chief Magistrate Judge Garcia's order concluded: "Failure to comply with this Court's explicit directive can result in imposition of additional sanctions, including dismissal of Ms. Wheeler's case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)." Id. at 8.

On October 6, 2004, Chief Magistrate Judge Garcia issued a Memorandum Opinion Recommending Dismissal With Prejudice in Wheeler v. American Heritage Bank & Sellers, CIV 04-271 WPJ/LFG (Doc. 49). Chief Magistrate Judge Garcia's Memorandum Opinion sets out the chronology of the case and key rulings and also includes an Ehrenhaus v. Reynolds analysis. See id. at 4-8. Chief Magistrate Judge Garcia recommended that the trial judge enter an order dismissing Wheeler's lawsuit with prejudice as a discovery sanction, finding authorization in the Tenth Circuit's recent decision in Ashby v. McKenna, No. 03-1464, 2004 WL 2106540 (10th Cir. Sept. 22, 2004). See id. at 8. On October 29, 2004, the Honorable William P. Johnson, United States District Judge, entered an order accepting Chief Magistrate Judge Garcia's recommendations. See Order Adopting Magistrate Judge's Recommended Disposition and Dismissing Case (Doc. 53). Judge Johnson concluded that Wheeler failed to comply with the district's local rules as well as with rule 26 of the Federal Rules of Civil Procedure, and that the United States Court of Appeals for the Tenth Circuit had previously determined that the failure to produce disclosures could result in dismissal of the plaintiff's case. See id. at 3 (citing Ashby v. McKenna, 2004 WL 2106540). Judge Johnson ultimately found good cause to accept Chief Magistrate Judge Garcia's recommendation, and Judge Johnson dismissed the case with prejudice on October 29, 2004. See Order Adopting Magistrate Judge's Recommended Disposition and Dismissing Case at 3-4.

Mr. Bello did not file an appeal in the Tenth Circuit to challenge Judge Johnson's October 29, 2004 dismissal order and the related final judgment. See Wheeler v. Am. Heritage Bank, No. 04-2251, 2006 U.S. App. LEXIS 9231, at *4 (10th Cir. April 11, 2006). The time to file a timely notice of appeal of the final judgment has run. Instead, Mr. Bello did two things: (i) on September 1, 2004, he filed timely objections under rule 72(a) of the Federal Rules of Civil Procedure to Chief Magistrate Judge Garcia's August 17, 2004 Memorandum Opinion and Order that directed compliance with discovery obligations and imposed sanctions; he did not seek to stay Chief Magistrate Judge Garcia's order; and (ii) on September 17, 2004, before the district judge had ruled on his rule 72(a) objections, Mr. Bello filed a "Notice of Appeal" in the Tenth Circuit, stating that he was appealing from the magistrate judge's August 17, 2004 order. See id. at *4-5. The Tenth Circuit dismissed Mr. Bello's appeal because it found that it did not have jurisdiction to consider Mr. Bello's objections to Chief Magistrate Judge Garcia's August 17, 2004 order. See id. at *5-6.

### 2.      **Drain v. Wells Fargo Bank et al.**

On December 16, 2005, the Honorable Karen Molzen, United States Magistrate Judge, filed Proposed Findings and Recommended Disposition on sanctions in Drain v. Wells Fargo Bank et al., CIV 04-399 MV/KBM, recommending that the case be dismissed with prejudice as a sanction pursuant to rule 37 of the Federal Rules of Civil Procedure for discovery violations. See Proposed Findings and Recommended Disposition (Doc. 220). On March 1, 2006, after conducting an independent Ehrenhaus v. Reynolds analysis, Chief Judge Vazquez dismissed the case with prejudice as a sanction pursuant to Federal Rule of Civil Procedure 37 for discovery violations. See Doc. 228. The Plaintiffs in Drain v. Wells Fargo Bank et al. appealed the dismissal of their case to the Tenth Circuit, where the appeal is pending. See Plaintiffs' Notice of Appeal to the Tenth Circuit Court of Appeals, filed March 31, 2006 (Doc. 232).

## PROCEDURAL BACKGROUND

On January 25, 2006, Chief Judge Vazquez entered, pursuant to D.N.M.LR-Civ. 83.10, an Order to Show Cause and Order to Appear. See Order to Show Cause and Order to Appear, Misc. No. 2006-06. Mr. Bello was the attorney of record in both Wheeler v. American Heritage Bank & Sellers, CIV 04-271 WPJ/LFG, and Drain v. Wells Fargo Bank et al., CIV 04-399 MV/KBM, and his representation throughout both cases was the basis for Chief Judge Vazquez' order to show cause. Chief Judge Vazquez stated that she had determined that Mr. Bello lacks a basic understanding of the rules of practice, abuses opposing counsel with specious charges and allegations, and lacks respect for the judicial tribunal. See Order to Show Cause and Order to Appear at 1. She determined that there appears to be good cause for issuance of the order to show cause. See id.[1]

Chief Judge Vazquez directed that Mr. Bello would come before three Article III judges sitting en banc to show cause, if any he has, why the Court should not revoke his privileges to practice in the United States District Court for the District of New Mexico. See id.; Mattox v. Disciplinary Panel of United States Dist. Court, 758 F.2d 1362 (10th Cir. 1985)(reviewing a federal three-judge panel's denial of readmission to the bar of that court). She stated that Mr. Bello may submit written documentation to the Court before the hearing if he so desired. See id. She also scheduled the hearing for February 28, 2006. See id.

On February 13, 2006, Mr. Bello filed a request for information. See Respondents Request for Information, Misc. No. 2006-06. In that document, Mr. Bello submitted a request for specific information consisting of facts and allegations, evidences and records, to enable him to prepare his

---

[1] The Court's Memorandum Opinion and Order, filed April 12, 2006, more fully presents the factual and procedural background that form the basis of this show cause proceeding.

defense in accordance with due process.  See id. at 1-2.  Specifically, Mr. Bello requested all facts

and allegations, including evidence and record, supporting the determination that he lacks a basic

understanding of the rules of practice, that he abuses opposing counsel with specious charges and

allegations, and that he lacks respect for the judicial tribunal.  See id. ¶¶ 1-3, at 1.

On February 23, 2006, Mr. Bello sought a continuance.  See Motion for Continuance, Misc.

No. 2006-06.  He asked the Court to reset the hearing for a later date to allow him the opportunity

to file an answer upon his receipt of the necessary and essential facts, evidence, and specific

allegations from the Court.  See id. at 1.  He stated that he had received Chief Judge Vazquez' order

to show cause on February 2, 2006 and stated that due process required that the Court confront him

with the facts and allegations against which he is being asked to defend.  See id.

On February 23, 2006, the Honorable James A. Parker, Senior United States District Judge,

entered an order addressing Mr. Bello's request for information.  Judge Parker stated:

> Mr. Bello is hereby advised that the information which the panel will consider at the
> time of the hearing on the Order to Show Cause appears in the court records in
> Wheeler v. American Heritage Bank and Bob Sellers, Civ. No. 04-0271 WPJ/LFG,
> and James Drain and Rachel Drain v. Wells Fargo Bank, Minnesota, N.A. et al., Civ.
> No. 04-0399 MV/KBM.  The panel will consider all papers, pleadings, memoranda,
> reports, orders, and decisions, as well as all transcripts of proceedings and clerk's
> minutes.

Order at 1.  Judge Parker also vacated the February 28, 2006 hearing and stated that the hearing

would be reset at a future date.  See id.

On March 7, 2006, Chief Judge Vazquez filed another notice of order to show cause, setting

the hearing for 11:00 a.m. on March 22, 2006.  See Notice of Order to Show Cause and Order to

Appear, Misc. No. 2006-06.  On March 21, 2006, Mr. Bello filed his objections and answers.  See

Respondent's Objections and Answer, Misc. No. 2006-06.  Mr. Bello argued that the Order to Show

Cause and to Appear was unconstitutional and violated due process, because it failed to provide any

notice as to the specific facts on which the allegations are based.  See id. at 1.  Citing In re Ruffalo, 390 U.S. 544, 550-551 (1968), Mr. Bello asserted that the Court should not subject him to uncertainty in defending his privilege to practice in this District.  See id. at 2.

On March 22, 2006, Mr. Bello sent to the Court, by facsimile transmission, copies of Respondent's Motion for Injunctive Relief with Affidavit.  See Respondent's Motion for Injunctive Relief with Affidavit, Misc. No. 2006-06.  Mr. Bello argued that injunctive relief was necessary to protect his constitutional right to due process.  See id. at 1-5.  He again argued that the scheduled hearing would violate his right to be informed of the nature and cause of the accusation against him, and to be confronted with the witnesses against him.  See id.

The Court sent notice by facsimile transmission to Mr. Bello indicating that it had received the Respondent's Motion for Injunctive Relief with Affidavit.  The Court notified Mr. Bello that it would hear his motion for injunctive relief immediately before the hearing on the Order to Show Cause.  See Fax Transmittal Sheet; Notice of Hearing, Misc. No. 2006-06.  Mr. Bello did not appear at the March 22, 2006 hearing on the order to show cause.

Nevertheless, to comply with Mr. Bello's request for all facts and allegations, including evidence and records, supporting the determination that he lacks a basic understanding of the rules of practice, abuses opposing counsel with specious charges and allegations, and lacks respect for the judicial tribunal, the Court set forth in detail its notice to Mr. Bello in a Memorandum Opinion and Order, filed April 12, 2006.  Mr. Bello did not appear at the show cause hearing scheduled for May 22, 2006.  On May 22, 2006, Mr. Bello sent to the Court, by facsimile transmission, Respondent's Motion for Preliminary and Permanent Injunctive Relief With Affidavit, as well as Respondent's Answers and Objections to Memorandum Opinion and Order of April 12, 2006.

## LAW REGARDING INJUNCTIVE RELIEF

To obtain a permanent injunction, the party requesting such relief bears the burden of showing: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fisher v. Oklahoma Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003)(citations omitted).  To obtain a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) that the plaintiff will suffer irreparable injury if the preliminary injunction is denied, (3) that the threatened injury to the plaintiff outweighs the injury to the defendant(s) caused by the preliminary injunction, and (4) that an injunction is not adverse to the public interest." Aid for Women v. Foulston, No. 04-3310, 2006 U.S. App. LEXIS 2366, at *32 (10th Cir. January 27, 2006)(citation omitted).  The right to relief under a preliminary injunction "must be clear and unequivocal." Id. at *32-33 (citation and internal quotations omitted).

## LAW REGARDING DISCIPLINING ATTORNEYS

D.N.M.LR-Civ. 83.9 provides:

> The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court order. *See, e.g.*, D.N.M.LR-Civ. 83.4(c). Lawyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar."

D.N.M.LR-Civ. 83.9 pertains to attorney discipline and provides in relevant part:  **"(a) Disbarment or Suspension of an Attorney.**  The Court, *sua sponte* or upon recommendation by the State Bar of New Mexico Disciplinary Board, may discipline, suspend or disbar an attorney under D.N.M.LR-Civ. 83.9."  Federal courts have "inherent supervisory power over the attorneys practicing before them."  United States v. Ryans, 903 F.2d 731, 735 n.4 (10th Cir. 1990).  "Courts have long

recognized an inherent authority to suspend or disbar lawyers. This inherent power derives from the

lawyer's role as an officer of the court which granted admission." In re Snyder, 472 U.S. 634, 643

(1985).

## ANALYSIS

The Court will deny Mr. Bello's motion for injunctive relief. "This request [for the court to

enjoin itself] is extraordinary." United States v. Rohm & Haas Co., 721 F. Supp. 666, 699 (D.N.J.

1989).

Even assuming that a court can or should enjoin itself, Mr. Bello has not shown the Court

why he is likely to succeed on the merits, but rather stated in conclusory fashion that "since the

issues are still under review in the higher courts and there is likelihood of success for the merits on

those cases, the result which would render these allegation [sic] moot." Respondent's Motion for

Preliminary and Permanent Injunctive Relief with Affidavit at 3. He further states that "the

likelihood of success in the merits of the cases and later success would render all of the same

allegations and conclusions this tribunal based its prosecution on as moot." Id. at 6. A number of

judges, however, now have reviewed the two matters he has had before the Court and concluded that

he lacks a basic understanding of the rules of practice, abuses opposing counsel with specious

charges and allegations, and lacks respect for the judicial tribunal.

The Court also does not believe that Mr. Bello has shown that irreparable harm will occur

to him if the Court does not cease these proceedings. While the privilege of practicing in federal

court is precious, Mr. Bello has the right to appeal any disciplinary measure that the Court decides

to impose. See United States v. Rohm & Haas Co., 721 F. Supp. at 699 ("If our entry of this decree

is improper and deprives Manor Health of legal rights to which it is entitled, then the Court of

Appeals will not hesitate to upset our ruling. This avenue of relief defeats any claim that Manor

Health will be 'irreparably harmed' if we enter this decree."). Moreover, Mr. Bello has not pointed to any cases that he has pending in the District of New Mexico or that he intends to file, and thus there is not evidence before the Court that any order will harm him at all.

Mr. Bello has not shown that any harm he will suffer if the Court does not enjoin itself substantially outweighs the harm that will occur if the Court does enjoin itself. The Court has dismissed both of his clients' cases. Again, he can appeal whatever decision the Court imposes, but the Court and Mr. Bello's potential clients will suffer great harm if the Court is not allowed to discipline the attorneys that practice before it.

Finally, the Court believes that the public's interest greatly outweighs Mr. Bello's personal interest in this matter. While the right to represent persons in federal court can be professionally and financially rewarding, the rights of the litigants and of the public are paramount in this situation. The record of the two cases before the Court suggests that Mr. Bello did not serve his clients well, and the Court cannot long endure a single attorney with two cases taking so much of its judicial resources and energy.

Accordingly, Mr. Bello has not met the requirements for injunctive relief. The Court will not grant his request that the Court enjoin itself.

The Court has given Mr. Bello ample notice of the basis for the charges against him, and has given him an opportunity to appear before the Court to present his case; he chose not to appear before the Court and the Court will proceed.

Based on the circumstances fully laid out in the Court's Memorandum Opinion and Order, filed April 12, 2006, and after reviewing Respondent's Answers and Objections to Memorandum Opinion and Order of April 12, 2006, the Court believes that discipline and supervision is warranted and necessary in this case to protect the public and to uphold the integrity of the legal profession and

the judiciary. The Court does, however, have some concern that the appellate process has not run its course. Because of the Court's concern, it will temporarily discipline Mr. Bello until the Appellate process has run its course. Until further ordered, Mr. Bello is suspended from the practice of law in the United States District Court for the District of New Mexico except that he may continue to practice under the following conditions: (i) Mr. Bello must associate with a licensed attorney who is authorized to practice in, and fully in good standing with, the United States District Court for the District of New Mexico; (ii) Mr. Bello may not file any pleading in the United States District Court for the District of New Mexico unless it has been reviewed, approved, and signed as to form only by an associate attorney as described above; and (iii) Mr. Bello must pay the attorney with which he associates that attorney's ordinary hourly rate for all work that attorney reviews.

The Court will not enter a permanent discipline until the appellate process has finished.

**IT IS ORDERED** that Respondent's Motion for Preliminary and Permanent Injunctive Relief With Affidavit is denied. The Court will discipline Mr. Bello, but such discipline will only be temporary at this time. Mr. Bello is suspended from the practice of law in the United States District Court for the District of New Mexico except that he may continue to practice under the following conditions: (i) Mr. Bello must associate with a licensed attorney who is authorized to practice in, and fully in good standing with, the United States District Court for the District of New Mexico; (ii) Mr. Bello may not file any pleading in the United States District Court for the District of New Mexico unless it has been reviewed, approved, and signed as to form only by an associate attorney as described above; and (iii) Mr. Bello must pay the attorney with which he associates that attorney's ordinary hourly rate for all work that attorney reviews.

_____
UNITED STATES DISTRICT JUDGE

_____
SENIOR UNITED STATES DISTRICT JUDGE

_____
SENIOR UNITED STATES DISTRICT JUDGE

Case 1:06-mc-00006-JB   Document 14   Filed 06/06/06   Page 12 of 18

# A Lawyer's Creed of Professionalism
## of the State Bar of New Mexico

### Preamble

*As a lawyer I must strive to make our system of justice work fairly and efficiently. In order to carry out that responsibility, not only will I comply with the letter and spirit of the disciplinary standards applicable to all lawyers, but I will also conduct myself in accordance with the following Creed of Professionalism when dealing with my client, opposing parties, their counsel, the courts and the general public.*

**A. In all matters:**

"My Word is My Bond."

**B. With respect to my client:**

1. I will be loyal and committed to my client's cause, but I will not permit that loyalty and commitment to interfere with my ability to provide my client with objective and independent advice;

2. I will endeavor to achieve my client's lawful objectives in business transactions, in litigation and in all other matters, as expeditiously and economically as possible;

3. In appropriate cases, I will counsel my client with respect to mediation, arbitration and other alternative methods of resolving disputes;

4. I will advise my client against pursuing any course of action that is without merit and against insisting on tactics which are intended to delay resolution of the matter or to harass or drain the financial resources of the opposing party;

5. I will advise my client that civility and courtesy are not to be equated with weakness;

6. While I must abide by my client's decision concerning the objectives of the representation, I nevertheless will counsel my client that a willingness to initiate or engage in settlement discussions is consistent with zealous and effective representation.

7. I will keep my client informed about the progress of the case and the costs and fees being incurred;

8. I will charge only a reasonable attorney's fee for services rendered;

9. I will be courteous to and considerate of my client at all times.

Case 1:06-mc-00006-JB   Document 14   Filed 06/06/06   Page 13 of 18

**C. With respect to opposing parties and their counsel:**

1. I will endeavor to be courteous and civil, both in oral and in written communications;

2. I will not knowingly make statements of fact or of law that are untrue;

3. In litigation proceedings I will agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of my client will not be adversely affected;

4. I will endeavor to consult with opposing counsel before scheduling depositions and meeting and before rescheduling hearings, and I will cooperate with opposing counsel when scheduling changes are requested;

5. I will refrain from utilizing litigation, delaying tactics, or any other course of conduct to harass the opposing party;

6. I will refrain from engaging in excessive and abusive discovery, and I will comply with all reasonable discovery requests;

7. In depositions and other proceedings, and in negotiations, I will conduct myself with dignity, avoid making groundless objections and refrain from disrespect;

8. I will not serve motions and pleadings on the other party, or his counsel, at such a time or in such a manner as will unfairly limit the other party's opportunity to respond;

9. In the preparation of documents and in negotiations, I will concentrate on matters of substance and content;

10. I will clearly identify, for other counsel or parties, all changes that I have made in documents submitted to me for review.


**D. With respect to the courts and other tribunals:**

1. I will be a vigorous and zealous advocate on behalf of my client, while recognizing, as an officer of the court, that excessive zeal may be detrimental to my client's interests as well as to the proper functioning of our system of justice;

2. Where consistent with my client's interests, I will communicate with opposing counsel in an effort to avoid litigation and to resolve litigation that has actually commenced;

3. I will voluntarily withdraw claims or defenses when it becomes apparent that they do not have merit or are superfluous;

4. I will refrain from filing frivolous motions;

5. I will make every effort to agree with other counsel, as early as possible, on a voluntary exchange of information and on a plan for discovery;

6. I will attempt to resolve, by agreement, my objections to matters contained in my opponent's pleadings and discovery requests;

7. When scheduled hearings or depositions have to be canceled, I will notify opposing counsel, and, if appropriate, the court (or other tribunal) as early as possible;

8. Before dates for hearings or trials are set — or, if that is not feasible, immediately after such dates have been set — I will attempt to verify the availability of key participants and witnesses so that I can promptly notify the court (or other tribunal) and opposing counsel of any likely problem in that regard;

9. In civil matters, I will stipulate to facts as to which there is no genuine dispute;

10. I will be punctual in attending court hearings, conferences and depositions;

11. I will at all times be respectful toward and candid with the court;

12. I will avoid the appearance of impropriety.


**E. With respect to the public and to our system of justice:**

1. I will remember that, in addition to commitment to my client's cause, my responsibilities as a lawyer include a devotion to the public good;

2. I will endeavor to keep myself current in the areas in which I practice and, when necessary, will associate with, or refer my client to, counsel knowledgeable in another field of practice;

3. I will be mindful of my obligation, as a member of a self-regulating profession, to be an active participant, when appropriate, in the disciplinary process;

4. I will be mindful of the need to protect the image of the legal profession in the eyes of the public and particularly will be so guided when considering methods and contents of advertising or other public communications;

5. I will be mindful that the law is a learned profession and that among its desirable goals are devotion to public service, improvement of administration of justice, and the contribution of uncompensated time and civic influence on behalf of those persons who cannot afford adequate legal assistance.


**Back to Codes of Professional Ethics**

# U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

Clovis NM 88101

| | | |
|---|---|---|
| Postage | $ | 0.87 |
| Certified Fee | | 2.40 |
| Return Reciept Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.12 |

UNIT ID: 0101

Postmark Here

Clerk: KFZ6NV

06/07/06

**Sent To**
Gany Mike Bello, Esq.

**Street, Apt. No.;
or PO Box No.** 2508 N. Prince, #255

**City, State, ZIP+4**
Clovis NM 88101

PS Form 3800, June 2002                    See Reverse for Instructions

7003 1010 0005 0068 4054

**Certified Mail Provides:**

■ A mailing receipt
■ A unique identifier for your mailpiece
■ A record of delivery kept by the Postal Service for two years

*Important Reminders:*

■ Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.

■ Certified Mail is *not* available for any class of international mail.

■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.

■ For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.

■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.

■ If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

Michael Morales    6-22-06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Gany Mike Bello, Esq.
2508 N. Prince, #255
Clovis, NM  88101

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number      7003 1010 0005 0068 4052
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICE

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK
SUITE 270
333 LOMAS BLVD., NW
ALBUQUERQUE   NM   87102

RECEIVED
At Albuquerque NM

JUN 2 2 2006

MATTHEW J. DYKMAN
CLERK

Attn: Judge Browning